Filed 6/26/26  Montego Riverside County Homeowners Assn. v. Deutsche Bank etc. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MONTEGO RIVERSIDE COUNTY HOMEOWNERS ASSOCIATION, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, etc. et al., <br><br> Defendants and Respondents. | D087796 <br><br> (Super. Ct. No. CVSW2208601) |

APPEAL from a judgment of the Superior Court of Riverside County, Raquel A. Marquez, Judge.  Affirmed.

The Judge Law Firm and James Arthur Judge for Plaintiff and Appellant.

Klinedinst, Ian A. Rambarran, and W. Jason Scott, Robert Shaughnessy, and Megan E. McDonald for Defendants and Respondents.

Montego Riverside County Homeowners Association (HOA) appeals from a judgment of dismissal after the trial court sustained a demurrer to its complaint against Deutsche Bank National Trust Company (Deutsche Bank)

and Western Progressive, LLC (Western Progressive).  The HOA asserts that the trial court erred in sustaining the demurrer to its cause of action for equitable estoppel to prevent Deutsche Bank from foreclosing on a loan.  We affirm the judgment of dismissal.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Allegations of Operative Complaint*

In August 2005, Jorge and Maria Salas obtained a $250,000 loan to purchase a condominium unit.  The loan was secured by a recorded deed of trust.  The deed provided that the loan was to be paid in full by September 1, 2035 and gave the lender a power of sale in the event of any default.  The deed further stated that "[a]ny forbearance by Lender in exercising any right or remedy . . . shall not be a waiver of or preclude the exercise of any right or remedy."

In 2009, Deutsche Bank acquired the original lender's interest in the trust deed in a recorded assignment.

Between 2012 and 2016, the HOA recorded notices of delinquent assessments and an abstract of judgment against the Salases' property.  In 2019, the Salases conveyed the property to the HOA by a grant deed, which was recorded in May 2022.

According to the HOA's complaint, when the Salases conveyed the property to the HOA, they had not occupied it for about ten years, and Deutsche Bank and its predecessors had made no effort to seek foreclosure.  The HOA allegedly "relied on this lack of action by DEUTSCHE BANK and its predecessors in taking title to the Subject Property."  The complaint alleged: "Such reliance was reasonable and justifiable because any reasonable person would conclude after such a lengthy period of time that DEUTSCHE BANK and its predecessors had no intention of foreclosing on the Subject

2

Property, or such delay was caused by some other legal deficiency which prevented such foreclosure, or wasn't foreclosing so as to avoid payment of monthly assessments to [the HOA] during the many years that had elapsed since the Salas' had stopped making payments on the Deed of Trust. [The HOA] also reasonably relied on because [*sic*] the Salas' told [the HOA] that they had offered to return the property to the various Deed of Trust holders during the ten (10) years they didn't occupy the property, and said Deed of Trust holders had failed, refused, and neglected to accept the same."

In August 2022, Western Progressive was substituted as trustee on the deed of trust, with Deutsche Bank remaining as the beneficiary. On behalf of Deutsche Bank, Western Progressive recorded a notice of default and election to sell the property in foreclosure.

B. *Trial Court Proceedings*

The HOA filed suit against Deutsche Bank, Western Progressive, and others not involved in this appeal. The operative complaint alleged causes of action for equitable estoppel, quiet title, and declaratory and injunctive relief. The equitable estoppel claim alleged that Deutsche Bank was equitably estopped from enforcing the deed of trust and the underlying promissory note.

Deutsche Bank demurred to the complaint for failure to state a cause of action.[1] As to equitable estoppel, the bank argued the HOA had failed to allege the following essential elements of the claim: (1) that the bank intentionally waived its right to foreclose by not foreclosing earlier or that

---

[1] Western Progressive filed a declaration of nonmonetary status and agreed to be bound by whatever nonmonetary order the court issued. The HOA has never disputed this status. Deutsche Bank and Western Progressive are both respondents in this appeal.

the HOA had the right to believe the bank intentionally waived its right to foreclose; (2) that the HOA reasonably relied on the bank's lack of action; and (3) that the HOA suffered any injury. The HOA opposed the demurrer without contesting that these were essential elements of the equitable estoppel claim.

After the court issued a tentative ruling sustaining the demurrer, neither party requested oral argument. The court then confirmed its tentative ruling and sustained the demurrer with leave to amend. The court concluded "no facts are alleged to show Deutsche [Bank], or its predecessor, refrained from taking steps to initiate a foreclosure of the property for about 10 years as an intentional act to lead [the HOA] to believe that it had no intentions on ever proceeding to foreclosure. Also, no facts are alleged to suggest [the HOA] was ignorant of any intention of Deutsche [Bank], or its predecessor, to proceed to exercise the rights under the deed of trust which remained recorded on title to the property since 2005. Further, no damages are alleged which resulted from Deutsche [Bank]'s, or its predecessor's, alleged inaction."

The court further noted that the HOA "knowingly took title subject to Deutsche [Bank]'s lien interest" based on the deed of trust recorded in 2005 and its assignment to Deutsche Bank recorded in 2019. The court explained: "Under California law, a person who acquires property subject to a lien takes subject to that lien interest of which he or she had constructive notice. . . . Here, [the HOA] states no reason why it should be entitled to a relief that would bypass the operation of California's recordation law and alleges no facts that would lead to an inference that the deed of trust was defective or unenforceable for any reason."

4

The HOA elected not to amend its complaint.  Accordingly, the court dismissed the action against Deutsche Bank and Western Progressive with prejudice.  The HOA has appealed from the judgment of dismissal.[2]

DISCUSSION

We resolve this appeal based primarily on HOA's deficient briefing.  As we shall explain, the HOA has failed to comply with the applicable rules for several reasons.  As a result, the HOA has either forfeited its claims or failed to meet its burden of affirmatively demonstrating error.  (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [judgment of lower court is presumed correct and error must be affirmatively shown].)

First, the HOA has attached as an exhibit to its opening brief a portion of its opposition to the demurrer filed in the trial court and purports to incorporate this pleading by reference "for the balance of its arguments" on appeal.  This is improper.  An appellate brief must include argument supporting each point asserted and must present each point under a separate argument heading.  (Cal. Rules of Court, rule 8.204(a)(1)(B).)  "The appellant may not simply incorporate by reference arguments made in papers filed in the trial court, rather than briefing them on appeal. . . .  [O]therwise, the point will be forfeited." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656; see also *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294, fn. 20

---

[2]     Nearly five months after the respondent's brief was filed, and over two months after the expiration of time to file a reply brief (with two 30-day extensions of time having been granted), appellant's counsel submitted a declaration requesting a stay of the appeal, leave to file an amended opening brief, and "to be relieved from not filing a Reply Brief."  We denied the request.

["It is well settled that the Court of Appeal does not permit incorporation by reference of documents filed in the trial court."].)

Second, as a result of the HOA's forfeiture of arguments it attempted to incorporate by reference, it has failed to address all of the grounds for the trial court's ruling. The opening brief only purports to address the trial court's ruling regarding Deutsche Bank's alleged intent to induce reliance through its inaction or delay in foreclosing. But the trial court also ruled as to other elements of equitable estoppel that (1) the HOA failed to adequately plead ignorance of the true facts because it was on notice of the recorded deed of trust; and (2) the HOA failed to adequately plead damages. Separate and apart from the intent requirement, these are essential elements of a claim for equitable estoppel. (*City of Goleta v. Superior Court* (2006) 40 Cal.4th 270, 279 (*City of Goleta*).)[3] Because the HOA has not briefed these alternative grounds for the trial court's demurrer ruling, it has failed to demonstrate any reversible error. (*Sonoma Luxury Resort LLC v. California Regional Water Quality Control Bd.* (2023) 96 Cal.App.5th 935, 941 [judgment of dismissal affirmed where plaintiff failed to overcome all legal grounds on which trial court sustained demurrer].)

In particular, the HOA has failed to demonstrate any deficiency in the trial court's ruling as to the HOA's lack of knowledge of the true facts or its right to believe that Deutsche Bank or its predecessors intended to induce

---

[3] The elements of equitable estoppel are: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury. (*City of Goleta, supra*, 40 Cal.4th at p. 279.)

any reliance. The trial court ruled that the HOA took possession of the property with at least constructive notice of the recorded deed of trust. (Civ. Code, §§ 1213, 1215.) The deed of trust stated that the final maturity date of the loan was September 1, 2035. Under California law, the beneficiary of a recorded deed of trust has until 10 years *after* the date of maturity to pursue its power of sale if the maturity date is "ascertainable" from the recorded document, as it is here. (Civ. Code, § 882.020, subd. (a)(1); *Trenk v. Soheili* (2020) 58 Cal.App.5th 1033, 1043–1044.) The lender therefore had until September 1, 2045 to exercise its power of sale. The deed of trust also stated that "[a]ny forbearance by Lender in exercising any right or remedy . . . shall not be a waiver of or preclude the exercise of any right or remedy." Moreover, when the HOA acquired the property in 2019, there was already case law holding that a mere delay in foreclosing *within* the limitations period does not give rise to an estoppel. (*Nicolopulos v. Superior Court* (2003) 106 Cal.App.4th 304, 310–311 (*Nicolopulos*).) The HOA's opening brief does not address any of this and does not argue why in these circumstances the trial court erred in ruling that the complaint failed to adequately allege the HOA was " 'ignorant of the true state of facts' " or had a " 'right to believe' " that Deutsche Bank or its predecessors intended to induce any reliance. (*City of Goleta, supra*, 40 Cal.4th at p. 279.) "When a trial court states multiple grounds for its ruling and appellant addresses only some of them, we need not address appellant's arguments because 'one good reason is sufficient to sustain the order from which the appeal was taken.' " (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1237.)

Third, the HOA's briefing also does not adequately address the trial court's ruling on the element of Deutsche Bank's intent to induce reliance. The HOA makes general arguments that a representation may be inferred

from silence or inaction and that intent may be generally pled, but it fails to discuss how these principles apply to the specific allegations of its complaint. Regarding intent to induce reliance and detrimental reliance, for example, the HOA merely asserts without any record cite: "In the case at bar, the only thing Appellant needed to do was properly plead these elements, which it did." Other than to make this conclusory assertion, the HOA never identifies any allegation of the complaint in which it pled the required intent—either generally *or* specifically. As the trial court ruled, there is no such allegation. And by choosing not to amend its complaint, as the trial court permitted, the HOA waived any unpled allegations. (*Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 753–754.) Moreover, the HOA does not explain how such an intent could reasonably be inferred from the allegations of its complaint.

Finally, the HOA has failed to discuss controlling authority on the equitable estoppel issue, which Deutsche Bank cited and relied on in the trial court and its briefing on appeal. (*Nicolopulos, supra*, 106 Cal.App.4th at pp. 310–311.) In *Nicolopulos*, the court rejected a similar claim of estoppel. There, the holder of a promissory note began foreclosure proceedings more than 10 years after the note's maturity date and almost seven years after the plaintiff property owner stopped making payments. (*Id*. at p. 307.) The Court of Appeal concluded that because the maturity date of the loan was not ascertainable from any recorded document, the noteholder's power of sale did not expire until 60 years after the deed of trust was recorded under Civil Code section 882.020, subdivision (a)(2). (*Nicolopulos*, at pp. 310–311.) The court went on to reject the plaintiff's argument that the noteholder "should be estopped from relying on the 60-year limitation period" because he could have foreclosed years earlier when the plaintiff stopped paying on the note. (*Id*. at

8

p. 311.)  The court explained: "No conduct by [the noteholder] occurred upon which [the plaintiff] relied; [the noteholder] simply did not act.  While an estoppel may arise from silence, there must be a duty to speak [citation], and we discern none.  Moreover, [the plaintiff] was not 'ignorant of the true state of facts.'  He was aware of all facts known by [the noteholder]; it was only the law he misconstrued.  Accordingly, no basis exists to estop [the noteholder] from relying on the 60-year limitation period in Civil Code section 882.020." (*Ibid.*)

The same reasoning applies to the HOA's claim of estoppel here.  In fact, the HOA has implicitly conceded that its estoppel claim is not supported by existing law—by asking this court "in good faith" to "extend the law of estoppel" to this case.  (Capitalization deleted.)  An appellant is of course free to make "a good faith argument for an extension, modification, or reversal of the existing law."  (Cal. Rules Prof. Conduct, rule 3.1(a)(2); see also Code Civ. Proc., § 128.7, subd. (b)(2).)  But it is not proper to do so without disclosing directly adverse authority.  (Cal. Rules Prof. Conduct, rule 3.3(a)(2); see *Brawerman v. Loeb & Loeb LLP* (2022) 81 Cal.App.5th 1106, 1121, fn. 5.) Because the HOA did not disclose *Nicolopulos* in its opening brief and made no effort to demonstrate it was wrongly decided—and did not file any reply brief responding to Deutsche Bank's reliance on *Nicolopulos*—it has offered no reason for us to depart from its holding.  We will not entertain a request to extend existing law that fails to acknowledge contrary authority and provides no meaningful argument for such a departure.

For all these reasons, we conclude the HOA has either forfeited its claims of error or failed to meet its burden of demonstrating error.  Although we have discretion to overlook any forfeiture, we decline to do so given the HOA's deficient briefing.  We therefore affirm the judgment of dismissal.

9

## DISPOSITION

The judgment of dismissal is affirmed.  Respondents are entitled to recover their costs on appeal.

BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

KELETY, J.